CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 06 2017

JULIA C. DUDLEY, CLERK
BY:
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal Action No. 7:13CR00042 |
| ) | (Civil Action No. 7:14CV80784) |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| NATHAN ALLEN ENTSMINGER, ) | |
| ) | By: Hon. Glen E. Conrad |
| Defendant. ) | Chief United States District Judge |

Nathan Allen Entsminger, a federal inmate proceeding pro se, moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government filed a motion to dismiss, and Entsminger responded. This case was held in abeyance pending a decision by the United States Supreme Court in Beckles v. United States, 137 S. Ct. 886 (2017), which has now been decided. Accordingly, this matter is ripe for disposition. Upon review of the record, the court concludes that Entsminger's claims lack merit, and the government's motion to dismiss must be granted.

I.

On June 13, 2013, a grand jury charged Entsminger in an indictment with three counts of knowingly and intentionally distributing a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). These charges stemmed from an investigation into cocaine trafficking in Roanoke, Virginia, during which members of a Bureau of Alcohol, Tobacco and Firearms Task Force conducted three controlled buys of cocaine from Entsminger at his home.

On June 18, 2013, Entsminger was arrested. At the time of his arrest, he was on supervised release for a previous conviction for being a felon in possession of a firearm. Entsminger entered into a written plea agreement. He stipulated to a drug weight of 50 grams but less than 100 grams of cocaine, corresponding to a base offense level of 16 under United

States Sentencing Guidelines Manual ("U.S.S.G.") § 2D1.1. Plea Agreement at 3, ECF No. 22. The plea bargain provided that Entsminger might be treated as a career offender under U.S.S.G. § 4B1.1, if the court determined that he had at least two prior convictions for felony drug offenses and/or crimes of violence. Id. Pursuant to the plea agreement, however, the government agreed not to seek an enhanced sentence under 21 U.S.C. § 851 based on Entsminger's prior felony drug offense. Id. at 4.

The court conducted a guilty plea hearing on August 19, 2013. At the hearing, Entsminger affirmed that he had had an adequate opportunity to read and discuss the plea agreement with counsel, that he understood the plea agreement, and that no one had forced him or made any promises to cause him to plead guilty. Plea Hr'g Tr. at 9-10, ECF No. 43. Entsminger further affirmed that he was "satisfied with all of the elements of [counsel's] services in [his] case." Id. at 32. He stated that he understood the elements of the offense for which he was charged, and the evidence the government would have to show in order for a jury to find him guilty at trial. Id. at 9. Entsminger also affirmed that he understood that by pleading guilty he was waiving his right to appeal or collaterally attack his plea and sentence, other than to bring a claim for ineffective assistance of counsel. Id. at 10-11.

Entsminger stated that he understood that the maximum penalty he could face for each of the three charges to which he pleaded guilty was twenty years in prison. Id. at 8. The court advised Entsminger that if his past offenses qualified him as a career offender, he would face a higher advisory guidelines range. Enstminger affirmed that he understood. Id. at 16.

The Assistant United States Attorney ("AUSA") provided a summary of the evidence against Entsminger. Id. at 29-31. She stated that a confidential informant purchased approximately seven grams of cocaine from Entsminger at his house on three separate occasions.

2

Id. at 29-30. After his arrest, Entsminger turned over to the arresting officers an additional 32.3 grams of cocaine from his home. Following his arrest, he was informed of his Miranda rights,[1] waived them, and then admitted his involvement in distributing cocaine. Id. at 30-31. Entsminger agreed with this summary of the evidence. Id. at 31. He also admitted that he thought the plea agreement correctly attributed to him a drug weight of between 50 to 100 grams of cocaine. Id. at 28.

Entsminger affirmed that he wanted to plead guilty because he had "distributed cocaine." Id. at 28, 34. The court then accepted Entsminger's plea and found that he was "fully competent and capable of making an informed plea" and that his plea of guilty was knowing and voluntary and supported by an independent basis in fact. Id. at 34.

The Probation Office prepared a presentence investigation report ("PSR"), recommending an enhanced offense level of 32 because Entsminger qualified as a career offender due to two prior convictions for burglary and one prior conviction for distribution of cocaine. PSR ¶ 18, 19, ECF No. 37. With a three-point reduction for acceptance of responsibility, the PSR proposed an adjusted total offense level of 29, and a criminal history category of VI, which resulted in an advisory guidelines range of 151 to 188 months' imprisonment. Id. at ¶ 67.

Prior to the sentencing hearing, the government made a motion for substantial assistance. At the hearing, the court first revoked Entsminger's period of supervised release. Sent. Tr. at 10, ECF No. 44. Entsminger affirmed that he had had a chance to read and review the PSR before the hearing. Id. at 11. Neither the Assistant United States Attorney ("AUSA") nor defense

---

[1] See Miranda v. Arizona, 384 U.S. 436, 479 (1966) (requiring that an accused, prior to a custodial interrogation, must be informed of his right to remain silent, that any statements made may be used against him in court, that he has the right to consult with an attorney and that if he cannot afford an attorney one will be appointed for him).

3

counsel raised any objections to the PSR and the court adopted it. Id. at 12. The AUSA recommended a ten-point reduction to Entsminger's offense level, from 29 to 19, due to the substantial assistance that he provided, resulting in a guidelines range of 63-78 months' imprisonment. She also recommended that any sentence imposed for his supervised release violation run concurrent to the sentence imposed in the present action. Id. at 19. The court imposed a sentence of 78 months each on Counts One, Two and Three to run concurrently. It also imposed an additional 24 months for the supervised release violation, to be served consecutive to the 78-month sentence, reasoning that Entsminger's supervised release violation was separate and distinct from his current cocaine distribution plea. Id. at 26. Entsminger did not appeal.

Entsminger filed a § 2255 motion, arguing that counsel provided ineffective assistance by failing to: (1) object to the possibility that the government would file a motion pursuant to 21 U.S.C. § 851 for an enhanced sentence; (2) object to his status as a career offender under the guidelines; (3) file a motion to suppress evidence; and (4) negotiate a lawful plea agreement and sentence. Pursuant to Standing Order 2015-5, the court appointed counsel to represent Entsminger with regard to any claims he might raise under Johnson v. United States, 135 S. Ct. 2551 (2015). Counsel notified the court that he would not be filing an amended § 2255 on Entsminger's behalf and moved to withdraw, which the court granted. Entsminger filed two amended motions to vacate, challenging his career offender status under Johnson. Amend. § 2255 Mots., ECF No. 80, 81. The court stayed Entsminger's case, pending a decision by the Supreme Court in Beckles v. United States, 137 S. Ct. 886 (2017). The Supreme Court issued a decision in Beckles on March 6, 2017, making this matter ready for adjudication.

## II.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Entsminger bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

### A. Ineffective Assistance of Counsel Claims

Criminal defendants have a Sixth Amendment right to effective legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). In order to establish a viable ineffective assistance claim, a defendant must satisfy a two-prong analysis: he must show both that counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by counsel's alleged deficient performance. Strickland, 466 U.S. at 669. When considering the reasonableness prong of Strickland, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also Gray v. Branker, 529 F.3d 220, 228-29 (4th Cir. 2008). Counsel's performance is judged "on the facts of the particular case," and assessed "from counsel's perspective at the time." Id.

To satisfy the prejudice prong of Strickland, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. When a defendant has pleaded guilty, he must show that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going

to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Entsminger's claims of ineffective assistance of counsel do not satisfy Strickland's stringent requirements.

1. Failure to Object to § 851 Sentencing Enhancements

Entsminger argues that counsel erred by failing to object when the government "threaten[ed]" to enhance his sentence pursuant to § 851. § 2255 Mot. at 4, ECF No. 39. Entsminger pleaded guilty to three counts of distribution of cocaine under 21 U.S.C. § 841. The statute provides for an increased sentence if a defendant has prior felony drug convictions. However, if the government intends to request an enhanced sentence due to a prior felony drug offense, it must file a list of the prior convictions on which it intends to rely with the court, pursuant to 21 U.S.C. § 851. Entsminger's argument that counsel should have challenged a potential § 851 notice is unavailing.

First, the government never filed a § 851 notice and counsel has no means to challenge a potential filing. Second, counsel did not provide deficient performance by explaining to Entsminger that he could face an enhanced sentence if he did not plead guilty and the government filed a notice under § 851. To the contrary, counsel would have been remiss if he had not explained to Entsminger his potential sentence exposure. Moreover, as part of the plea bargain process, the government may agree to refrain from seeking an enhanced sentence. In this case, the government did just that, and agreed in the plea agreement not to file a § 851 notice seeking an enhanced sentence. Plea Agreement at 4, ECF No. 22. Entsminger had a prior felony drug count that could have supported a higher sentence: a 2006 conviction for distributing cocaine. PSR ¶ 36, ECF No. 37. Without the enhancement, Entsminger faced a maximum term of imprisonment of not more than twenty years for each of the three counts of cocaine distribution to which he pleaded guilty; however, with the § 841(b)(1)(C) enhancement, he

would have faced a term of imprisonment of not more than thirty years on each count.[2] Accordingly, counsel recommended that Entsminger plead guilty, noting that the § 851 notice provision was "probably the most important aspect of the plea agreement." Plea Hr'g at 9, ECF No. 43.

In addition, Entsminger's claim that he was threatened with the enhancement which induced him to plead guilty is directly contradicted by his affirmations under oath during the Rule 11 colloquy that no one had tried to force or coerce him into pleading guilty. Plea Hr'g Tr. at 10, ECF No. 43. Absent clear and convincing evidence to the contrary, defendants are bound by their representations at a guilty plea colloquy. See Lemaster, 403 F.3d at 221 (holding that absent extraordinary circumstances, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false") (internal quotation marks omitted). Accordingly, Entsminger cannot establish that counsel provided ineffective assistance by failing to object to a possible § 851 enhancement that was never filed, because counsel successfully negotiated a plea agreement that took such an increased sentence off of the table. Strickland, 466 U.S. at 687.

### 2. Failure to Object to Career Offender Status

Entsminger also argues that counsel was ineffective for failing to object to his classification as a career offender in the PSR, which resulted in an increased guideline range. Entsminger had notice that he would likely be classified as a career offender; his plea agreement stipulated that he might be treated as a career offender, Plea Agree. at 3, ECF No. 22, and the court explained at the guilty plea hearing that Entsminger would likely qualify as a career

---

[2] Entsminger also argues that the amount of drugs to which he stipulated—between 50 and 100 grams—which subjected him to a 20 year maximum sentence before the career offender designation, was disproportionately high. However, in his plea agreement and at his plea colloquy, he agreed that he was responsible for at least 50 grams of cocaine. He is bound by this representation. United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005).

7

offender, which would increase his sentence, to which Entsminger stated that he understood. Plea Hr'g Tr. at 16, ECF No. 43. Entsminger's argument that counsel should have challenged his status as a career offender is unavailing.

A defendant qualifies as a career offender if he has at least two prior felony convictions for either a crime of violence or a controlled substance offense.[3] At the time that Entsminger was sentenced, the guidelines defined a crime of violence as one that:

> (1) Has as an element the use, attempted use, or threatened use of physical force against the person of another, ["the force clause"] or
>
> (2) Is burglary of a dwelling, arson, or extortion, involves use of explosives, ["the enumerated crimes clause"] or otherwise involves conduct that presents a serious potential risk of physical injury to another ["the residual clause"].

U.S.S.G. § 4B1.2(a)(1)-(2) (2012).

The PSR recommended that Entsminger be classified as a career offender based on two prior convictions for burglary and one prior conviction for distribution of cocaine. Entsminger contends that his prior Virginia convictions for burglary no longer constitute crimes of violence under U.S.S.G. § 4B1.1.[4] He bases his argument on Descamps v. United States, 133 S. Ct. 2276, 2281 (2013). In Descamps, the Supreme Court reviewed the Armed Career Criminal Act ("ACCA"), a statute which allows for an enhanced sentence when a defendant convicted of

---

[3] Section 4B1.1 provides, in pertinent part:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. 4B1.1(a).

[4] Entsminger does not contest that his prior conviction for cocaine distribution qualifies as a controlled substance offense.

8

being a felon in possession of a firearm has prior convictions for "serious drug offense[s]" or "violent felon[ies]." 18 U.S.C. § 924(e)(1). The ACCA's definition of "violent felony" is identical to the definition of "crime of violence" in the guidelines at the time that Entsminger was sentenced. In Descamps, the Supreme Court reviewed the definition of a violent felony—specifically the enumerated crimes clause—and concluded that a court, in determining whether a state court conviction qualified as an enumerated crime, should determine if the "relevant [state] statute has the same elements as the 'generic' ACCA crime." Descamps, 133 S. Ct. at 2283. Recently, this court determined that Virginia burglary convictions—two such convictions were used to support Entsminger's status as a career offender—cannot be used to support an ACCA enhanced sentence because the Virginia burglary statute criminalizes conduct that goes beyond that covered by the "generic" crime of burglary and the statute is not divisible into separate generic and non-generic crimes. United States v. Brown, 7:12-cr-00026, 2017 WL 76932, *5-7, 2017 U.S. Dist. LEXIS 1815 (W.D. Va. Jan. 6, 2017).

Brown and Descamps cannot help Entsminger, however, because even if the career offender designation had been erroneously applied, he is not entitled to relief under § 2255. He must establish that his sentence violates the Constitution or laws of the United States or that a non-constitutional error involves "a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979). Entsminger cannot establish that his sentence was unlawful. The guidelines, which are merely advisory and provide guidance to the court but do not dictate a defendant's sentence, are largely immune from constitutional attack. Beckles v. United States, 137 S. Ct. 886, 892 (2017).

In addition, the Fourth Circuit has held that a court's incorrect designation that a defendant qualified as a career offender is not cognizable on collateral review. United States v.

Foote, 784 F.3d 931, 932-33 (4th Cir. 2015). In Foote, the defendant, like Entsminger, was sentenced as a career offender under the guidelines. Id. at 932. Following a change in the law, one of the defendant's two prior crimes for possession with intent to distribute cocaine no longer qualified as a controlled substance offense for guidelines purposes. Accordingly, the defendant no longer qualified as a career offender. Id. at 935. Nonetheless, the Fourth Circuit concluded that because the defendant was sentenced under an advisory guideline scheme to a sentence that was not in excess of the maximum authorized by law, the "erroneous classification [did] not rise to the level of a 'fundamental' defect." Id. at 943.

In contrast to the defendant in Descamps, Entsminger was not sentenced pursuant to the ACCA statute; instead, like the defendants in Beckles and Foote, Entsminger was found to be a career offender under U.S.S.G. § 4B1.1. Because he takes issue with an advisory guideline scheme, he has not raised a statutory or constitutional challenge that would entitle him to relief on collateral review. Entsminger was sentenced under the advisory guidelines to a term of imprisonment of 76 months, well below the twenty-year maximum for each of the charged crimes. Although Entsminger may not be considered a career offender if he were sentenced today, and although "the career offender designation may have affected the ultimate sentence imposed, it did not affect the lawfulness of the sentence itself—then or now." Foote, 784 F.3d at 943 (internal quotation marks omitted). Therefore, Entsminger cannot establish either deficient performance or prejudice by counsel's failure to object to the career offender designation at sentencing. Strickland, 466 U.S. 687.

3. Failure to File a Motion to Suppress

Next, Entsminger argues that counsel provided ineffective assistance by failing to file a motion to suppress the additional 32.3 grams of cocaine that he provided to law enforcement

after his arrest. Entsminger claims that agents used "false pretenses" to obtain the drugs by stating that he would not be charged for drug possession and employed "scare tactics" by claiming that if he did not turn over any additional drugs, they would get a warrant to search his house. § 2255 Mot. at 31, 32, ECF No. 39-1.

In order to make a viable suppression claim, a defendant must establish that officers illegally obtained evidence. Mapp v. Ohio, 367 U.S. 643, 648 (1961). Here, there is no evidence of an illegal search. Entsminger appears to have voluntarily provided the officers with the drugs after his arrest.[5] He does not claim that the search occurred without consent, only that the consent was based on the officer's alleged improper statements.

The officer's alleged statements, however, were not improper. Entsminger was charged only with three counts of distribution of cocaine, and was not charged with a crime for possession of the additional drugs seized from his home. Also, the police could have moved to obtain a warrant to search Entsminger's home following his arrest, and it would likely have been granted because a confidential informant had purchased drugs there on three separate occasions, and it was reasonable to infer that additional drugs would be found there. See Doe v. Broderick, 225 F.3d 440, 451 (4th Cir. 2000) (noting that probable cause for a search warrant "exists when there are reasonably trustworthy facts which, given the totality of the circumstances, are sufficient to lead a prudent person to believe that the items sought constitute fruits, instrumentalities, or evidence of crime and will be present at the time and place of the search.")

---

[5] In his § 2255 motion, Entsminger claims that it was his spouse who gave "consent" for the police to search his home. Law enforcement need not obtain a warrant if they are given consent to search a premises. Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973). A spouse living on the premises may provide such consent. United States v. Matlock, 415 U.S. 164, 171 (1974) (noting that consent may be obtained from a "third party who possessed common authority over . . . the premises or effects sought to be inspected). Accordingly, regardless of whether Entsminger voluntarily provided the drugs to authorities or his wife provided consent to the search, the record suggests that the authorities legally obtained the cocaine.

(internal quotation marks omitted). As a result, Entsminger has not established that the police acted unconstitutionally.

Moreover, at his plea colloquy, Entsminger agreed with the government's proffered evidence that he "turned over to arresting officers an additional 32.3 grams of cocaine" and that he believed that he was responsible for between 50 and 100 grams of cocaine. Plea Hr'g Tr. at 28, 30-31, ECF No. 43. He also affirmed that he had not been coerced in any way to plead guilty. Id. at 10. Entsminger is bound by these statements that he made at his Rule 11 colloquy. See Lemaster, 403 F.3d at 221.

Finally, Entsminger cannot establish prejudice because he was sentenced as a career offender. As such, the amount of drugs attributable to him did not ultimately affect his guideline range. Because Entsminger has failed to show that a motion to suppress would have been successful or that he suffered prejudice from counsel's failure to file a motion to suppress, this claim must fail. Strickland, 466 U.S. 789.

4. Failure to Negotiate a Lawful Plea Agreement and Sentence

Finally, Entsminger argues that counsel provided ineffective assistance by failing to negotiate a lawful plea agreement and sentence. Specifically, he claims that because counsel "concealed" from him a defense based on Descamps v. United States, negotiated a plea agreement where he waived his appellate rights, and advised him to accept the plea, counsel's representation fell below an objective standard of reasonableness. § 2255 motion at 34-35, ECF No. 39-1. This claim, too, lacks merit.

First, as explained above, Entsminger's Descamps argument is unavailing. Second, a plea agreement may lawfully require a defendant to waive his rights to appellate and collateral review. See United States v. Attar, 38 F.3d 727, 731 (4th Cir. 1994) ("In this circuit, a waiver-

of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is the result of a knowing and intelligent decision to forgo the right to appeal") (internal quotation marks omitted). Entsminger agreed during his plea colloquy that he understood that he was giving up his right to appeal and to collaterally attack his sentence by pleading guilty. Plea Hr'g Tr. at 10-11, ECF No. 43.

Finally, counsel has a "duty to be a zealous advocate for every client," which includes providing advice based on counsel's assessment of the case. Melendez-Diaz v. Massachusetts, 557 U.S. 305, 353 (2009). Counsel's advice to Entsminger to accept a plea seems manifestly reasonable. Entsminger could have faced a statutory enhancement under 21 U.S.C. § 851 for a prior felony drug conviction. He avoided the enhancement, however, and received a reduced sentence for acceptance of responsibility as well as substantial assistance by pleading guilty. Accordingly, counsel's assistance appears "reasonable considering all of the circumstances." Strickland, 466 U.S. at 688. Therefore, Entsminger's claim that counsel provided ineffective assistance by negotiating the plea agreement and recommending that he accept it, too, is without merit.

### B. Johnson and Career Offender Claim

Finally, in two amended § 2255 motions, ECF 80, 81, Entsminger argues that his sentence is unconstitutional based on the Supreme Court's Johnson decision, in which it held unconstitutionally vague the residual clause of the ACCA, which is identically worded to the one found in the career offender guideline, U.S.S.G. § 4B1.2, that was used to enhance Entsminger's sentence. This argument, related to his challenge to his career offender status in his original § 2255 motion, is foreclosed by the Supreme Court's recent decision in Beckles, 137 S. Ct. at 892, in which the court concluded that, unlike the ACCA which fixes the permissible sentence for

criminal offenses, the guidelines merely "guide the exercise of a court's discretion" and are therefore, "not subject to a vagueness challenge under the Due Process Clause." See also United States v. Twitty, No 15-7744, 2017 WL 1200954, 2017 U.S. App. LEXIS 5615 (4th Cir. March 31, 2017) (per curiam) (holding that the defendant's challenge to his career offender designation based on Johnson was foreclosed by Beckles).

### III.

For the reasons stated, the court will grant the government's motion to dismiss. An appropriate order will be entered this day.

**ENTER:** This 6th day of April, 2017.

*/s/ Conrad*
Chief United States District Judge